IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>vs.<br>WILFREDO RUIZ<br>Defendant | Crim. No. 00-85(CCC) |

MOTION IN RESPONSE TO COURT'S ORDER

TO THE HONORABLE CARMEN CONSUELO CEREZO
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

COMES NOW the Defendant, *Wilfredo Ruiz*, represented by the Federal Public Defender for the District of Puerto Rico, and very respectfully STATES and PRAYS as follows:

On October 30, 2006, the defendant was arrested in Florida, his life long residence, by federal law enforcement agents pursuant to a warrant for arrest for alleged violations of his supervised release term.

On October 31, 2006, the defendant was taken to a federal Magistrate Judge, who ordered the transfer of the defendant to the District of Puerto Rico to respond to the motion requesting revocation of his supervised release.

On December 22, 2006, the defendant arrived to MDC-Guaynabo regarding the revocation proceedings. The defendant was not brought to the court upon his arrival.

On February 21, 2007, the undersigned counsel filed a motion requesting an order from this court for discovery of material information in preparation for the revocation hearing. See docket num. 620. On said motion, the undersigned counsel advised the court that the defendant

was detained at MDC- Guaynabo awaiting his revocation hearing.

On February 23, 2007, the defendant was brought to appear for his initial appearance. The defendant was advised of his rights and of the alleged violations contained in the supplemental motion for revocation, docket num. 604.

On March 2, 2007, the defendant appeared for a preliminary hearing. At the preliminary hearing, the undersigned counsel presented brief history of the defendant's supervised release , of his previous arrest and appearance in the District of Puerto Rico, and of the problems he confronted with his probation officer once he returned to the District of Florida. In addition, it was stated that the defendant continued residing in the same address where he had been residing for the past fourteen (14) years, that he was gainfully employed for the past year and a half, using his name and his social security number, paying taxes, and  that he underwent urinalysis as part of his job conditions. Furthermore, the undersigned counsel requested a dismissal of the revocation proceedings  (1) for failure to execute the arrest warrant in a reasonable time ( the warrant was arrest was issued on November 24, 2004 and executed on October 30, 2006) albeit he was accessible  at this long time residential address or at the lawful employments he kept using his name and his social security number, (2) for failure to bring the defendant before a magistrate judge without unnecessary delay ( the defendant arrived at MDC-Guaynabo on December 22, 2006 and was brought to a magistrate on February 23, 2007), and (3) in the interest of justice, in light of the circumstances surrounding the alleged violations .

Moreover, during the hearing, the defendant did not contest that he had failed to report to the U.S. Probation Officer, but in mitigation, he represented that upon his return to Florida he

*U.S.* v *Wilfredo Ruiz*, Crim. No. 00-85(CCC)
Motion in response to court order
Page 3

immediately reported to the U.S. Probation officer, who told him she was going to order his arrest notwithstanding the District Court order dismissing the revocation proceedings. The defendant, in fear for a sudden and unreasonable arrest, discontinued appearing at the U.S. Probation office, but he remained residing at the same address, 4045 Eagle Feather Drive, Orlando Fl 32829, and he worked for several employers, to wit: (1)for 6-7 months with Prestige Towing ( at the airport, where he was asked to provide urine sample), (2) for 10 months with Alonso Towing, (3) for some months in a part time job at Denny's, and (4) lastly at Shelf Rapid Station ( where he was asked for urine sample). During those two years, the defendant did not leave the jurisdiction, did not use controlled substances, did not commit any local or federal offense, remained gainfully employed, and was using his true and correct name and social security number.

The Magistrate Judge Vélez Rivé stated that she had no power to rule on the defendant's motion to dismiss, although she sympathized with the defendant's arguments and position.

On March 8, 2007, this Honorable Court ordered a final revocation hearing for March 15, 2007 at 4:30 p.m. Although in that order the court advised the defendant that at his hearing he was entitled to disclosure of the evidence against him and to present evidence on his own behalf, the court ordered the defendant to inform in advance of the hearing if he will present any further argument or additional evidence before the court makes its final ruling.

The defendant advises the court that his motion for discovery is pending, and that until he has been given the opportunity to examine the requested discovery, he cannot firmly notify if he will advance additional evidence on his behalf or if he will rely on the record before the court for a final disposition.

U.S. *v Wilfredo Ruiz*, Crim. No. 00-85(CCC)
<u>Motion in response to court order</u>
Page 4

The defendant respectfully requests that the court allow him the opportunity to make the determination as to production of evidence on his behalf once he has been provided with the discovery requested.

WHEREFORE, the defendant respectfully requests an order granting the foregoing request.

RESPECTFULLY SUBMITTED.

I hereby certify that on March 13, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

In San Juan, Puerto Rico, 13th of March, 2007.

> JOSEPH C. LAWS, JR.
> FEDERAL PUBLIC DEFENDER
>
> S/JOANNIE PLAZA MARTINEZ
> Assistant Federal Public Defender
> USDC - PR 215604
> 241 F. D. Roosevelt Avenue
> San Juan, PR 00918-2305
> Tel. (787) 281-4922
> Joannie_plaza@fd.org