IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


UNITED STATES OF AMERICA
Plaintiff,

vs.                                    Crim. No. 00-85(CCC)

WILFREDO RUIZ
Defendant


MOTION TO DISMISS THE REVOCATION PROCEEDINGS

TO THE HONORABLE CARMEN CONSUELO CEREZO
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

COMES NOW the Defendant, *Wilfredo Ruiz*, represented by the Federal Public Defender

for the District of Puerto Rico, and very respectfully  STATES and PRAYS as follows:

I.      Procedural History

On January 15, 2002, the defendant Wilfredo Ruiz was sentenced to 18 months of imprisonment

and to a three year supervised release term. See docket entry num. 395.

On December 29, 2002, the defendant commenced to serve his three year supervised

release term. Although the District of Puerto Rico kept jurisdiction of the criminal case, the

supervision was handled by the U.S. Probation Office for the Middle District of Florida since the

defendant is a long-time residence of Orlando, Fl.  His supervised release term was scheduled

to expire on December 29, 2005.

On February 6, 2004, the U.S. Probation Officer filed a motion to revoke the defendant's

supervised release. The defendant was arrested and removed to the District of Puerto Rico to

*U.S.* v *Wilfredo Ruiz*, Crim. No. 00-85(CCC)
Motion to dismiss revocation proceedings
Page 2

respond to the revocation proceedings. Former Magistrate Judge Delgado ordered the release

of the defendant and recommended that the revocation proceedings were dismissed.

On October 14, 2004, this Honorable Court adopted the Magistrate's recommendations

and allowed the defendant to remain in supervision, which was to expire on December 2005.

On October 18, 2004, four days after the order of this Honorable Court, the U.S.

Probation officer from the Middle District of Florida filed a Supplemental motion ( which should

have been a motion since the previous one was not granted) requesting the revocation of the

supervised release term and for the arrest of the defendant.

On November 30, 2004 an arrest warrant was issued by this Honorable Court.

On October 30, 2006, two years after the issuance of the arrest warrant the, defendant

was arrested.

On October 31, 2006, the defendant was taken to a U.S. Magistrate Judge in the Middle

District of Florida, who ordered the transfer of the defendant to the District of Puerto Rico by the

U.S. Marshals.

On December 22, 2007, the defendant arrived to MDC-Guaynabo.

On February 23, 2007, the defendant appeared in front of U.S. Magistrate Vélez for his

initial appearance.

On March 2, 2007, the defendant appeared at his preliminary hearing regarding the

revocation proceedings.

The final revocation hearing has been scheduled for March 15, 2007 at 4:30 p.m.

II.    Relief thought

The defendant moves this Honorable Court, pursuant to Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure, for a dismissal of the revocation proceedings based on (1) unreasonable delay to execute arrest warrant, and (2) revocation hearing has not been held within a reasonable time.

III.    Factual and Legal basis

The defendant has been a long time residence of Florida, and he has been residing at his address of record, 4045 Eagle Feather Drive, Orlando, Fl. 32829, for nearly fourteen years. From the years 2004 to 2006, the defendant was gainfully employed at several locations, to wit: (1) at Prestige Towing at the Orlando International Airport, where he worked for 6-7 months; (2) at Alonso's Towing, for nearly ten months; (3)  a part-time at a Denny's Restaurant; (4) at a Shelf Rapid Station. At Prestige as well as in Shelf Rapid the defendant was required as a regular employee to provide urine samples, which yielded negative to controlled substances. In all of this jobs, the defendant used his true and known name as well as his social security number.

Although the defendant remained residing at his known and long-time address and he was lawfully employed in known business at public places using his name and social security number, the arrest warrant was executed almost two years after its issuance. The delay in executing the arrest warrant was excessive and unreasonable in light that the defendant was accessible and could have been arrested within a reasonable time with the exercise of due diligence.

Moreover, the defendant , who had been detained pending a revocation proceeding since October 30, 2006, was brought to MDC-Guaynabo on December 22, 2006, but taken to a U.S. Magistrate Judge on February 23, 2007. The delay of over sixty days is unreasonable under the

circumstances.

The defendant's supervised release term was to expire on December of 2005. Although a warrant for his arrest had been pending execution since November of 2004, the defendant, who was not in hiding, had not relocated and was accessible as his known address, was arrested two years after the issuance of the arrest warrant, almost a year after his supervised release would have otherwise expired. After his transfer to the District of Puerto Rico, the defendant awaited for more than sixty days to see a judge for the first time.

Rule 31.1(a)(1) of the Federal Rules of Criminal Procedure (FRCP) states that a person held in custody for violating supervised release must be taken without unnecessary delay before a magistrate judge. Rule 32.1(b)(1) (A) of the FRCP states that if a person is in custody for violating a condition of supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. Rule 32.1(b)(2) of the FRCP states that the court must conduct a revocation hearing within a reasonable tie in the district having jurisdiction.

III.    Conclusion

In light of the unreasonable delay in executing the arrest warrant and in bringing the defendant for his initial and preliminary hearings regarding revocation proceedings, the defendant moves for a dismissal of ths proceedings and that his term of supervised release is therefore terminated.

WHEREFORE, the defendant respectfully requests an order granting the foregoing request.

RESPECTFULLY SUBMITTED.

*US v Wilfredo Ruiz*, Crim. No. 00-85(CCC)
<u>Motion to dismiss revocation proceedings</u>
Page 5

        I hereby certify that on March 14, 2007 I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

parties of record.

        In San Juan, Puerto Rico, 14th of March,  2007.

                                        JOSEPH C. LAWS, JR.
                                        FEDERAL PUBLIC DEFENDER

                                        S/JOANNIE PLAZA MARTINEZ
                                        Assistant Federal Public Defender
                                        USDC - PR 215604
                                        241 F. D. Roosevelt Avenue
                                        San Juan, PR  00918-2305
                                        Tel.  (787) 281-4922
                                        Joannie_plaza@fd.org