**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**WILFREDO RUIZ,**<br><br>    Defendant. | **Criminal No. 00-85 (CCC)** |

**UNITED STATES OF AMERICA'S RESPONSE TO RELEASEE'S
MOTION TO DISMISS THE REVOCATION PROCEEDINGS**

TO THE HONORABLE COURT:

COMES NOW the United States of America, through the undersigned attorneys, and very respectfully states, alleges, and prays as follows:

1.   On March 14, 2007, Wilfredo Ruiz (hereinafter "the releasee"), filed a Motion to Dismiss the Revocation Proceedings (hereinafter "the Motion").

2.   The releasee moves the Court to dismiss the revocation proceedings based on unreasonable delay in executing the arrest warrant, the delay in bringing him promptly before a magistrate judge and the failure to hold the revocation hearing within a reasonable time.

3.   As to the allegation that there was an unreasonable delay in executing the arrest warrant – two years from the date the warrant was issued up until the releasee's arrest –, the releasee failed to cite any statute or case law in support of his argument. The releasee also failed to set forth in what manner he was prejudiced by the delay, if he, in fact, was prejudiced by the delay at all.

4.   In U.S. v. Ramos, 401 F.3d 111, 115 (2nd Cir. 2005), the Second Circuit Court of Appeals stated that the conditional freedom of a supervised releasee generated by statute is a liberty

interest protected by the Due Process Clause of the Fourteenth Amendment which may not be terminated absent appropriate due process safeguards. The U.S. Supreme Court does not attach to revocation proceedings the full range of procedural safeguards associated with a criminal trial, because a supervised releasee already stands convicted of a crime. After an arrest warrant for a releasee has been issued on the basis of his or her supervised release violation, there is no constitutional duty to provide the releasee with an adversary hearing until he or she is taken into custody as a supervised release violator by execution of the warrant, because execution of the warrant and consequent custody under that warrant is the operative event triggering any loss of liberty attendant upon supervised release revocation.

5.      The delay between the violation of supervised release and the execution of the violation warrant does not, in and of itself, violate a releasee's due process rights. *Id*, at p. 115. The Second Circuit has thus held in the context of the revocation of a supervised release that a delay of four years from the date of the violation to the execution of the violation warrant did not violate the releasee's due process rights. See U.S. v. Sanchez, 225 F.3d 172  174-76 (2nd Cir. 2000).

6.      The Second Circuit has also noted that a delay between the filing of the petition for a warrant, pursuant to an alleged violation of supervised release, and the execution of the warrant may result in a due process violation if the delay does in fact prejudice the releasee by substantially limiting the ability to defend against the charge that the conditions of supervised release were violated. See Ramos, 401 F.3d at 115.

7.      In the above-captioned case, the execution of the arrest warrant – two years after it was issued – did not violate the releasee's due process rights. Moreover, the releasee was not prejudiced by the delay because it did not hinder his defense against the supervised release violation charge. It must be noted that nowhere in the Motion did the releasee indicate that he was prejudiced by the alleged delay in executing the arrest warrant.

8. Furthermore, the releasee's allegations that he was not taken promptly before a magistrate judge and that the revocation hearing has not been held within a reasonable time are also unfounded.

9. Pursuant to Rule 32.1(a)(1) of the Federal Rules of Criminal Procedure, a person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge. In addition, Rule 32.1(b)(2) states that, unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. No specific period has been designated as "reasonable" to bring the releasee before a magistrate judge or hold the supervised release revocation hearing.

10. Rule 32.1 exists to protect the probationer or supervised releasee from undue federal incarceration and to protect the probationer or supervised releasee's ability to defend the violation allegations. See U.S. v. Pardue, 363 F.3d 695, 698 (8th Cir. 2004).

11. Even though there is a dearth of case law addressing the specific issue of timeliness of court hearings after the releasee is detained for violating the terms of his or her supervised release, it is inevitable to conclude – based on Rule 32.1 and its purpose – that the rights conferred upon the releasee by Rule 32.1 were not violated. The releasee appeared before a magistrate judge only two months after his detention, and the revocation hearing, set for March 15, 2007, was vacated because the releasee filed a request for dismissal less than twenty-hours (24) before the revocation hearing. Furthermore, the releasee failed to indicate in the Motion whether his ability to defend the violation allegations had been affected at all by the alleged delay, which the United States submits was not.

**WHEREFORE**, the United States of America respectfully moves this Court to deny the releasee's Motion to Dismiss the Revocation Proceedings.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, on this 27th day of March, 2007.

>ROSA EMILIA RODRIGUEZ VELEZ
>United States Attorney
>
>*s/ Evelyn Canals*
>Evelyn Canals
>USDC No. 207107
>United States Attorney's Office
>Chardón Tower, Suite 1201
>350 Carlos Chardón Street
>San Juan, Puerto Rico 00918
>Tel: (787) 766-5656
>Fax: (787) 766-6222
>Email: evelyn.canals@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of March, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for the releasee.

*s/ Evelyn Canals*
Assistant United States Attorney