IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff
vs

WILFREDO RUIZ
Defendant

CRIMINAL 00-85CCC

**ORDER**

Before the Court is the Motion to Dismiss the Revocation Proceedings filed by defendant Wilfredo Ruiz on March 14, 2007 (docket entry 630) and the United States' response filed on March 27, 2007 (docket entry 632). Defendant seeks dismissal of the pending proceedings to revoke his supervised release term based on the alleged unreasonable delay to execute the arrest warrant and the failure to conduct his revocation proceeding within a reasonable time. As we find the latter argument to have merit, we do not address the former.

The salient, undisputed facts establish that the Court issued an arrest warrant against defendant in relation to this revocation proceeding on November 30, 2004 (docket entry 606), that said warrant was executed and defendant arrested on October 30, 2006, and that he was taken before a U.S. Magistrate Judge in the Middle District of Florida, where he resided, on October 31, 2006. While the Magistrate Judge in Florida appeared to have ordered his transfer to Puerto Rico, it was not until December 22, 2006 that defendant arrived to MDC Guaynabo. Once there, it was not until February 23, 2007 that defendant was brought before a U.S. Magistrate-Judge for an initial appearance in this District (docket entry 622). A few days later, on March 2, 2007, a hearing on probable cause to revoke was finally held (docket entry 627).

Rule 32.1 of the Federal Rules of Criminal Procedure establishes the procedure to be followed for revocation or modification of probation or supervised release. When a person

is arrested for violating probation or supervised release, he/she must be taken without unnecessary delay before a Magistrate-Judge and an initial appearance must be held. R. 32.1(a). If a person is arrested or appears in a district that does not have jurisdiction to conduct a revocation hearing, the Magistrate Judge must transfer the person to the district that has jurisdiction if certain conditions are met. Rule 32.1(a)(5). Once that transfer takes place and the person arrives to the district that has jurisdiction to conduct the revocation hearing, the Magistrate Judge in the receiving district must "promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred." Rule 32.1(b)(1)A). See also R. 32.1(a)(4). If the Magistrate Judge finds probable cause, the Judge must conduct a final revocation hearing "within a reasonable time." R. 32.1(b)(2).

In this action, defendant was taken without unnecessary delay before a Magistrate Judge in Florida as required by the Rule. Once said Magistrate Judge ordered his transfer to Puerto Rico, however, the time constraints of the Rule were no longer followed. His transfer to Puerto Rico was delayed for nearly two months. Once he arrived here, he was not taken before the Magistrate Judge for another two months. The probable cause hearing in this District, which the Rule expressly requires to be "promptly conduct[ed]," did not take place until March 2, 2007, 70 days after defendant's arrival to Puerto Rico. The reason for this delay has not been explained, and is plainly unreasonable.

As the United States itself admits in its opposition to defendant's motion, "Rule 32.1 exists to protect the probationer or supervised releasee from undue federal incarceration and to protect the probationer or supervised releasee's ability to defend the violation allegations." Opposition (docket entry 632), at p. 3 (citing U.S. v. Pardue, 363 F.3d 695, 698 (8th Cir. 2004)). Given the prolonged period of time that elapsed between defendant's arrest in Florida and his transfer to Puerto Rico, and then between his arrival in Puerto Rico and his appearance before a Magistrate Judge, and the concomitant undue incarceration sustained

by defendant during that period, we hereby GRANT defendant's Motion to Dismiss (docket entry 630). Accordingly, the pending revocation proceedings against defendant are ORDERED DISMISSED. Defendant shall be immediately released from custody.

SO ORDERED.

At San Juan, Puerto Rico, on May 11, 2007.

                                                      S/CARMEN CONSUELO CEREZO
                                                      United States District Judge